UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRENDA FAYE HUNTER,<br><br>  Plaintiff,<br><br>  v.<br><br>METROPOLITAN COUNCIL, and<br>MICHAEL B. MARTH,<br>(Claims Representative),<br><br>  Defendants. | Civil No. 11-1215 (SRN/AJB)<br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.)  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff alleges that on February 1, 2011, she slipped and fell while attempting to disembark from a bus operated by Defendant Metropolitan Council.  After the accident, Plaintiff noticed that she was suffering from some pain in her right hip and right shoulder. Later that evening, Plaintiff called Defendant Metropolitan Council to report the accident. She talked to Defendant Michael B. Marth, a "Claims Representative."

Plaintiff later went to see a doctor about the injuries she suffered as a result of her accident.  She also had several more telephone conversations with Defendant Marth.

Evidently, Plaintiff feels that she has been mistreated by Defendant Marth. She alleges in her complaint that "Marth has stressed me out physically and mentally, causing me tort damage, and emotional distress." (Complaint, p. 4, Attachment, ¶ 7.)

Plaintiff is now attempting to sue Defendants Metropolitan Council and Marth. In the "Request for Relief" section of her complaint, she states:

> "I'm asking the Court to give me an apology from; Michael B. Marth; Metropolitan Council. Also I'm asking for the amount of; $1,800.00 for tort damages, and emotional distress. (Tremble [sic] damages)."

(Complaint, p. 4.)

Plaintiff's complaint clearly indicates that subject matter jurisdiction purportedly exists only by reason of diversity of citizenship. (Complaint, p. 3, §§ 3 and 4.) However, the complaint expressly states that Plaintiff and both Defendants are all citizens of Minnesota. (Complaint, p. 3, § 5.) Therefore, the Court must consider whether federal subject matter jurisdiction actually exists in this case.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

Here, there are no allegations in the complaint which suggest that Plaintiff's claims are based on the federal Constitution, or on any laws or treaties of the United States. The

complaint form that Plaintiff has used directed her to identify any federal question at issue in this case. (See Complaint, p. 3, § 4.) That section of Plaintiff's complaint has been left blank, which plainly indicates that Plaintiff's claims are not based on any federal law. Furthermore, it clearly appears that Plaintiff's claims must be based on some state common law tort theory – presumably negligence and intentional causing of emotional distress.

However, it is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332. Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Here, the complaint plainly shows that all parties, Plaintiff and both Defendants, are citizens of Minnesota. (Complaint, pp. 1-3, §§ 1, 2, 5 and 6.) Thus, there obviously is no diversity of citizenship in this case.[1]

### III. CONCLUSION

For the reasons discussed above, the Court finds that federal subject matter jurisdiction does not exist in this case, under either the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[2]

---

[1] The Court also notes that Plaintiff is seeking to recover only $1800.00 from Defendants. Therefore, even if diversity of citizenship did exist, there still would be no federal subject matter jurisdiction under § 1332, because the $75,000.00 amount-in-controversy requirement is not satisfied.

[2] The Court's recommendation does not necessarily signify that Plaintiff has no legal recourse for the grievances described in her complaint. Plaintiff could, perhaps, seek relief in state court, based on some state common law tort theory. However, Plaintiff's current

**IV. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

and

2. This action be summarily **DISMISSED** for lack of jurisdiction.


Dated:   May 11, 2011

              s/ Arthur J. Boylan
              ARTHUR J. BOYLAN
              Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before May 25, 2011.

---

complaint is very weak in several respects, (besides just lack of federal subject matter jurisdiction), and she is strongly encouraged to seek legal assistance before pursuing any further court actions.